UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Carlos Fernando Melo,<br><br>*Defendant.* | **Protective Order**<br><br>**21 Cr. 311 (SHS)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

**Protected Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases. Certain of that discovery may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Discovery materials produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Protected" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Protected," shall be deemed "Protected Material." The Government's designation of material as Protected Material will be controlling absent contrary order of the Court.

**Sensitive Material.** Certain of the Government's disclosure material, referred to herein as "Sensitive Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. Disclosure material produced by the Government that is either (1) designated as "Sensitive" by the Government in emails or communications to defense counsel or (2) marked as "Sensitive" shall be deemed Sensitive Material. The Government's designation of material as Sensitive Material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Disclosure material designated as Protected Material or Sensitive Material shall not be disclosed by the defendant or his counsel, including any successor counsel (the "defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this case. The defense shall not post any Protected Material or Sensitive Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Protected Material or Sensitive Material to the media or any third party except as set forth below.

2. Protected Material may be disclosed by the defense to:

    (a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

    (b) Prospective witnesses for purposes of defending this action;

    (c) The defendant; and

2

    (d) Such other persons as may hereafter be authorized by the Court.

  3. The restrictions on Sensitive Material are the same as Protected Material, except that Sensitive Material may be disclosed to the defendant only for review at the offices of defense counsel, or in the presence of defense counsel or any member of the defense team (*e.g.*, attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendant in this case), for purposes related to this case. The defendant shall not maintain, retain, or keep copies of any records containing Sensitive Material outside of the offices or presence of defense counsel.

  4. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

  5. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

  6. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Federal Rule of Criminal Procedure 49.1.

  7. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any

3

order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

8. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Retention of Jurisdiction**

9. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: */s/ Kaylan E. Lasky* _____       Date: _____6/1/2022_____
   Kaylan E. Lasky / Kyle A. Wirshba
   Assistant United States Attorneys

                                             Date: __6/2/2022__
Joshua L. Dratel, Esq.
Counsel for Carlos Fernando Melo


Dated: New York, New York
       June 3, 2022

                                             SO ORDERED

                                             _____
                                             SIDNEY H. STEIN
                                             U.S.D.J.

5