O4THMelS

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                              21 Cr. 311 (SHS)

CARLOS MELO,
                                            Sentence
                 Defendant.
------------------------------x
                                            New York, N.Y.
                                            April 29, 2024
                                            2:35 p.m.

Before:

                    HON. SIDNEY H. STEIN,

                                            District Judge

                         APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  KAYLAN LASKY
     NICHOLAS BRADLEY
     KEVIN SULLIVAN
     Assistant United States Attorneys

JOSHUA L. DRATEL
     Attorney for Defendant

Also Present:

Francisco Olivero, Interpreter (Spanish)
Jill Hoskins, Interpreter (Spanish)
```

1           (Case called)
2           MS. LASKY:  Good afternoon, your Honor.  Kaylan Lasky,
3  Nicholas Bradley, and Kevin Sullivan, for the government.
4           THE COURT:  Good afternoon.
5           MR. DRATEL:  Good afternoon, your Honor.  Joshua
6  Dratel for Mr. Melo standing on the side.
7           THE COURT:  Good afternoon.
8           We're here for the sentencing of Mr. Melo.  Let me
9  tell you what I have.  I have the presentence report, which is
10 ECF document 70 prepared on April 19 of this year.  It was
11 prepared on expedited basis, and it has the recommendation of
12 the probation department for time served on a sentence with a
13 total offense level of 13, criminal history category of I,
14 guideline range of 12 to 18 months.
15          In addition, I have the submission —— the lengthy
16 submission of Mr. Dratel dated April 8, which is ECF document
17 67, and it attaches a variety of supporting information,
18 letters, conversations, and so forth.
19          And I have the government's —— and Mr. Dratel requests
20 a sentence of time served.
21          And I have the government's response dated April 24,
22 which is ECF document 71, which also requests a sentence of
23 time served.  That currently is my intention at this point,
24 unless the parties tell me something that changes my mind.
25          I also have a notice of intent to request judicial

O4THMelS

1    removal, which appears to be signed.
2            Ms. Blakely, did I see a consent preliminary order of
3    forfeiture?
4            THE DEPUTY CLERK:  No.
5            THE COURT:  I'm pretty sure I saw that as well.
6            MR. DRATEL:  We did that at the time of the plea, your
7    Honor.
8            THE COURT:  Yes, I have a consent preliminary order of
9    forfeiture signed on February 29 of this year by Mr. Melo,
10   Mr. Dratel, Ms. Lasky, and so ordered by myself.  That
11   preliminary order becomes permanent upon the sentence, as I
12   understand it.
13           Mr. Dratel, is there any additional information I
14   should have that I have not listed?
15           MR. DRATEL:  No, your Honor.
16           THE COURT:  Ms. Lasky?
17           MS. LASKY:  No, your Honor.
18           THE COURT:  Mr. Dratel, have you and your client had a
19   full opportunity to read and discuss this information, all of
20   it, and have you, in fact, read and discussed it?
21           MR. DRATEL:  Yes, your Honor.
22           THE COURT:  Do either you or he have any objections to
23   the findings of fact in the presentence report?
24           MR. DRATEL:  No, your Honor.
25           THE COURT:  Does the government?

1           MS. LASKY:  No, your Honor.
2           THE COURT:  All right.  Mr. Dratel, I've told you what
3    my intention is.  Why don't you tell me now anything you
4    wanted.
5           I'm really surprised, astonished, at the way this has
6    evolved.  I've said it before, this defendant was presented to
7    me as a major narcotrafficker with a variety of security
8    concerns, great deal of brouhaha, and it turns out he's a minor
9    scam artist after great effort by all the parties.
10          What can I do for you, sir?
11          MR. DRATEL:  Your Honor, I don't want to take anything
12   for granted, but since the Court has indicated its position,
13   I'm also not interested in just repeating what's in our letter,
14   which I know the Court has read, and I don't want to take up
15   any more time than necessary, unless the Court has specific
16   questions.
17          THE COURT:  No.
18          Government, anything you want to tell me?
19          MS. LASKY:  No, your Honor, nothing beyond what's in
20   our letter, unless there are additional specific questions.
21          THE COURT:  No.
22          Mr. Melo, you have the right to address the Court.
23   You don't have to say anything.  I do wish to inform you that
24   anything you say can be used against you, and as I say, you do
25   have the right to remain silent.  I'm here if you want to say

1   anything to me, sir.  Please rise.
2            THE DEFENDANT:  Good afternoon.
3            THE COURT:  Good afternoon.
4            THE DEFENDANT:  I asked for a thousand —— I ask a
5   thousand times for forgiveness for the mistakes that I made,
6   and my intent is to go back home where I have my mother and my
7   children who are waiting for me.
8            And thank you, your Honor.
9            THE COURT:  All right.  Thank you, sir.
10           It's not for me to give you forgiveness, sir.  You'll
11  have to look elsewhere for that, if that's what you seek.
12           I hereby adopt the findings of fact in the presentence
13  report.  The sentence I intend to impose —— and I've said it
14  already, but I'll say it again —— is time served.  I am going
15  to impose a one-year term of supervised release, although that
16  supervised release term does not have to be served in the
17  United States.  The purpose of my imposing it is if the
18  defendant does return to the United States at any time within a
19  year after his removal, presumably, he'll have returned without
20  the permission of the attorney general, and that will not only
21  constitute a crime if he's found guilty but also will
22  constitute a violation of supervised release for which he can
23  be sentenced separate and apart from any sentence for the
24  underlying crime of returning without the permission of the
25  attorney general.

1    I wouldn't impose a fine. No restitution. Forfeiture
2    of $3,000. Special assessment of $100. And standard,
3    mandatory, and special conditions as recommended in the
4    presentence report.
5    That's my intention. Are there any formal objections
6    the defense wish to lodge before I sentence this defendant?
7    MR. DRATEL: No, your Honor.
8    THE COURT: Government?
9    MS. LASKY: No, your Honor.
10   THE COURT: All right. Please rise, Mr. Melo.
11   I hereby find the total offense level is 13 and the
12   criminal history category is I. The guideline range is 12 to
13   18 months. As I say, the guideline range is 12 to 18 months.
14   As of today, my notes indicate this defendant has spent two
15   years and one day in incarceration, so he's already spent more
16   time than the guidelines call for.
17   I understand my authority to sentence this man outside
18   of the guideline range, but I think it's appropriate that I
19   sentence him to the top of the range. Well, it's above the top
20   of the range; it's time served. And as I say, he served two
21   years.
22   Pursuant to the Sentencing Reform Act of 1984, it is
23   the judgment of this Court that the defendant, Carlos Fernando
24   Melo, is hereby committed to the custody of the Bureau of
25   Prisons for time served. He's sentenced to time served.

O4THMelS

Upon his release from custody, you will be placed on supervised release for a term of one year with the mandatory conditions set forth on page 23 of the presentence report, the standard conditions set forth on pages 23 and 24 and 25 of the presentence report, and special conditions of obeying all immigration laws and complying with the directives of the immigration authorities. That's the special condition I am imposing. Again, that's the standard — that's the mandatory, standard, and special conditions as set forth.

I'm not imposing a fine because I find Mr. Melo lacks the ability to pay a fine after taking into account the presentence report and his lack of assets, his modest income, and his family responsibilities.

I'm not imposing restitution because there's no victim pursuant to 18 U.S.C. 3663.

I hereby order Mr. Melo to pay to the United States a special assessment of $100, which is due immediately.

I also am imposing a forfeiture order of $3,000. As I say, he's already signed a preliminary order of forfeiture in that amount.

My reason for the sentence is I sentence this defendant above the guideline range but to time served. I believe the sentence is appropriate given the seriousness of the offense and the need for punishment and deterrence. It's a guideline — I'm sorry. It's a guideline range sentence, time

1      served.
2             Now, Mr. Melo, do you understand you're going to be
3      deported by the Bureau of Immigration and Customs Enforcement
4      of the Department of Homeland Security?
5             THE DEFENDANT:  Yes, sir.
6             THE COURT:  Did you discuss that fact with your
7      attorney?
8             THE DEFENDANT:  Yes, sir.
9             THE COURT:  Did he inform you you're going to be
10     deported?
11            THE DEFENDANT:  Yes, sir.
12            THE COURT:  Now, I have a document in front of me,
13     notice of intent to request judicial removal.  Is this your ──
14     I'm sorry.  Let's see.
15            MR. DRATEL:  It's two pages from the end, your Honor.
16            THE COURT:  Mr. Melo, have you signed the defendant's
17     plea statement in support of judicial removal?
18            THE DEFENDANT:  Yes, your  Honor.
19            THE COURT:  Mr. Dratel, that's your signature as well,
20     correct?
21            MR. DRATEL:  It is, your Honor.
22            THE COURT:  Before you signed this document, Mr. Melo,
23     did you discuss it with your attorney?
24            THE DEFENDANT:  Yes, your Honor.
25            THE COURT:  Did he answer any questions you may have

1 had about it?

2     THE DEFENDANT:  Yes, your Honor.

3     THE COURT:  Do you understand that you've waived your
4 right to have notice of intent to request judicial removal
5 served upon you prior to the entry of a guilty plea in this
6 case?

7     THE DEFENDANT:  Yes, your Honor.

8     THE COURT:  You understand that you've waived your
9 right to have the allegations in support of judicial removal
10 served 30 days before your sentence?

11     THE DEFENDANT:  Yes, your Honor.

12     THE COURT:  Did Mr. Dratel fully explain all of your
13 rights in a judicial removal proceeding to you?

14     THE DEFENDANT:  Yes, your Honor.

15     THE COURT:  Have you waived your right to the notice
16 and hearing provided in 8 U.S.C. 1228(c)(2) and waived all
17 rights to appeal, to reopen, to reconsider, or otherwise
18 challenge an order of removal?

19     THE DEFENDANT:  Yes, your Honor.

20     THE COURT:  Do you understand that you have agreed
21 that you are removable from the United States?

22     THE DEFENDANT:  Yes, your Honor.

23     THE COURT:  And do you understand that you've waived
24 all forms of relief or protection from removal?

25     THE DEFENDANT:  Yes, your Honor.

O4THMelS

1           THE COURT:  Do you understand that you've agreed to
2    the entry of a stipulated judicial order of removal?
3           THE DEFENDANT:  Yes, your Honor.
4           THE COURT:  Do you understand that as a result of this
5    agreement, sir, you're going to be turned over to the
6    immigration authorities and processed by them for removal from
7    the United States?
8           THE DEFENDANT:  Yes, your Honor.
9           THE COURT:  Mr. Dratel, are you aware of any legal
10   reason why this sentence should not be imposed as I have stated
11   it?
12          MR. DRATEL:  I do not, your Honor.
13          THE COURT:  Ms. Lasky?
14          MS. LASKY:  I do not, your Honor.
15          THE COURT:  I hereby order the sentence to be imposed
16   as I have stated it.
17          Despite your waiver, sir, I'm going to inform you that
18   you have the right to appeal the sentence, and if you cannot
19   pay the cost of an appeal, you have the right to apply for
20   leave to appeal *in forma pauperis*, which means that an attorney
21   will be appointed to represent you, and you won't have to pay
22   any of the costs of the appeal.  Indeed, if you make a request,
23   the clerk of court will prepare and file a notice of appeal on
24   your behalf immediately.
25          Do you understand your appeal rights?

Case 1:21-cr-00311-SHS   Document 80   Filed 05/28/24   Page 11 of 11    11

O4THMelS

1       THE DEFENDANT:  Yes, your Honor.
2       THE COURT:  Ms. Lasky, are there any open counts here?
3       MS. LASKY:  Yes, your Honor.  The government moves to
4  dismiss them.
5       THE COURT:  I grant that motion.
6       Mr. Melo, as I said, you'll be released from the
7  custody where you're staying now.  You're going to be turned
8  over to the immigration authorities, and you will be removed
9  from the United States.
10      Don't come back to the United States without the
11 permission of the attorney general, which I assume almost
12 certainly will not be forthcoming.  Take care of your family.
13 Don't try any more scams.  Stay out of trouble.
14      Do you understand?
15      THE DEFENDANT:  Yes, your Honor.
16      THE COURT:  Mr. Dratel, anything else?
17      MR. DRATEL:  No, your Honor.  Thank you.
18      THE COURT:  Government, anything else?
19      MS. LASKY:  No, your Honor.
20      THE COURT:  All right.  Thank you.
21      (Adjourned)

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300